STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

September 29, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FREEDA G. PERRINE,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0514** (BOR Appeal No. 2047750)
                    (Claim No. 2009080826)

**BRAXTON COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Freeda G. Perrine, by John Robert Weaver, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Braxton County Board of Education, by Alyssa A. Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 23, 2013, in which the Board affirmed a September 21, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's September 15, 2010, decision which closed the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Perrine, a school cook, injured her left wrist on February 20, 2009, when she slipped and fell. Her claim was held compensable for fracture of the carpal bone, malunion fracture, and fracture of the distal radius. Ms. Perrine testified in a July of 2012 deposition that she received temporary total disability benefits from the date of her injury until June 30, 2010, when the benefits were suspended. The claims administrator suspended the benefits because Ms. Perrine is a school employee who does not work for the Braxton County Board of Education during the

1

summer. She asserted in her deposition, however, that she also works full time at Go-Mart and has worked there since 2007.

The claims administrator closed the claim for temporary total disability benefits on September 15, 2010. The Office of Judges reversed the decision in its September 21, 2012, Order and granted temporary total disability benefits from the beginning of the fall of 2010 school year until November 18, 2010, minus any overpayments. Per West Virginia Code of State Rules § 85-1-5.3 (2006), "[i]f a period of disability includes a reasonably ascertainable period of time during which the claimant would not have been performing work for any employer, then temporary total disability indemnity benefits shall not be paid during that period." The Office of Judges found that Ms. Perrine failed to submit any evidence that she was entitled to benefits during the summer of 2010 and that the employee wage data provided does not indicate that she was working for Go-Mart at the time of the compensable injury. The Office of Judges did find, however, that Jaiyoung Ryu, M.D., asserted in an attending physician's report that Ms. Perrine would be temporarily and totally disabled until approximately September 27, 2010. She was found to be at maximum medical improvement on November 8, 2010, by Joseph Grady II, M.D. The Office of Judges therefore held that Ms. Perrine was entitled to temporary total disability benefits from the time school began in the fall of 2010 until she reached maximum medical improvement on November 8, 2010.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its April 23, 2013, decision. This Court agrees with the reasoning and conclusions of the Board of Review. Ms. Perrine failed to submit evidence showing that she would have been employed at Go-Mart during the summer of 2010 and is therefore not entitled to benefits for that time period. She is however entitled to benefits from the time school resumed in the fall of 2010 until she was found to be at maximum medical improvement on November 8, 2010.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 29, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II